Rogers, J.
This is a proceeding by all the parties to this action to amerce James Ross, former sheriff of this county, for failure to distribute and pay over to the parties entitled certain funds alleged to have come to his hands as sheriff, and derived from a sale in partition in the above entitled action.
The only fund in dispute is that represented by a purchase money note of $1,550 for one tract sold by the sheriff in partition. This note came to Ross as sheriff, and he delivered it February 1, 1892, to John M. Pugh for delivery to Sophia E. *239 Walters. John M. Pugh had been attorney of record for her, and afterwards her guardian, but his guardianship had ceased by his removal on February J, 1892, and he receipted to the sheriff for said note as her attorney.
Without going into detail as to the circumstances leading up to the delivery of this note to Pugh, I am of opinion that John J. Lentz, of the firm of N'ash & Lentz, the attorneys for the plaintiff in partition, consented to the delivery of said note to Pugh; and that, although neither Lentz on behalf of his firm for his client, the plaintiff, nor Pugh on behalf of Sophia E. Walters, had authority to allow the note to pass out of the hands of Ross as sheriff, and to have it delivered to Pugh for Sophia E. Walters, she by receiving the note from and receipting therefor to Pugh ratified and confirmed his unauthorized act, and to the extent of her interest in said note is barred from making claim against Ross for any part of the proceeds thereof. Whether by deception, or otherwise, of Richards & Sullivan and Pugh, she lost her interest in said note, Ross is not to be held for her act in permitting her own property,' after she had received it, to be lost by the chicanery of others. It is her fault and not sheriff Ross’, if she was defrauded out of her right thereto. But for her act, which was the primary cause, the note could not have passed from her possession. So, as between her and Ross, two innocent persons, so far as her right thereto is concerned, I am of opinion that she should bear the loss of letting the note pass from her, at least to the extent of her interest therein.
The only other claims remaining unpaid, and for which it is sought by the plaintiff to amerce said sheriff, are $500, balance of attorney fees allowed the firm of Nash & Lentz, and $51.38, balance of attorney fees allowed John M. Pugh. I am of opinion that Nash & Lentz, by reason of the conversation of John J. Lentz with John M. Pugh on February 6, 1892, waived their right as against sheriff Ross to make claim against him for any part of the -said $500 out of said note or its proceeds; that, of course, John M. Pugh waived all his right therein by virtue of his transaction with Sophia E. Walters concerning the note; and that, if neither Nash nor Pugh has any right as against *240 Ross to make claim, the parties to the suit have no right for these attorneys to make such claim against Ross.
Ross was a mere custodian of the note for the parties in interest. The parties in interest were the plaintiff and her children, who were entitled to one-half, and Sophia E. Walters, who was entitled to the other half, subject of course to the costs and allowances to be determined by the court. As stated in Welsh v. Freeman, 21 Ohio State, 402, 412—
“The plain object and purpose of the statute is, when the parties are divested of their land by the sheriff’s deed, to give them, in lieu thereof, the moneys and securities received therefrom. This obvious intent excludes the idea that the sheriff is to collect and receive the money secured to be paid to the parties. Clearly the statute does not place upon him this duty. At most it makes him the custodian of the securities, Avith the duty of delivering them to the parties entitled to receive them. ’ ’
Nor was it absolutely necessary, in order that the sheriff might make distribution, that a special order of distribution should have been passed by the court; for, as stated in Calvin v. Bruen, 39 Ohio State, 610, 614—
“The omission of a specific order of court to pay this money or hand the securities to the proper parties Avas fully provided for by the, statute directing the same to be distributed and paid * * * to and among the several parties entitled to receive the same.”
But it was not a distribution among the several parties entitled, 'when the sheriff handed the note in question to or for one of two or more parties entitled to receive the same. Sophia E. Walters could mot waive authority from the other .owners to give a full acquittance for the plaintiff and her children in said note. And to the extent of their interest therein the act of Ross, in handing the note to Pugh for Sophia E. Walters operated as a misapplication of the securities to the extent of the interest .of plaintiff and her children therein.
The only question remaining is, as to whether Ross’ misapplication of this security, of which he was custodian, by delivering the same to one of several co-parceners entitled thereto, can be remedied to the extent of the misapplication thereof by *241 amercement of the ex-sheriff. I think not. The statute (Section 5594, Revised Statutes) with reference to amercement, among other things, provides that the sheriff may be amerced, “If the sheriff neglect, on demand, to pay the person entitled thereto, any. money by him collected or received for the use of such person,” etc. The only way to make the statute applicable, therefore, is to construe the word “money” as including securities “collected or received.” But the statute being quasi penal requires a strict construction, and the case should come within the spirit and the letter of the statute before amercement proceedings can be operative to remedy the wrong. I am unable to say that the word “money,” as used in the statute, means anything that may be termed as equivalent or representative of money, as a part interest in a mortgage note; or what would have been money, if it had been collected by the parties. The note may never have been collected, or may have proved ,to be of much less value than its face, and Ross being merely the custodian ought not in a summary proceeding to be mulcted in damages for the loss of a security, and when the money evidenced thereby never came to his hands — an essential condition contemplated by the statute — before he is liable under the statute in amercement.
J. J. Lenlz and M. E. Thrailkill, for plaintiff.
W. B. Page and D. E. Pugh, for defendants.
J. A. Allen, for Ross, Sheriff.
The motion to amerce is accordingly overruled and denied, and exceptions granted to the'parties entitled.
Ross’ cross-petition against Pugh, being dependent upon the •right of the parties as against Ross, is also dismissed, and the costs of this proceeding are adjudged against the parties in partition.